# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# HELENA DIVISION

| | |
|---|---|
| SHANE MCCLANAHAN,<br><br>Plaintiff,<br><br>vs.<br><br>JIM SALMONSEN, BILLIE REICH, KRISTY COBBAN, DJ GODFREY,<br><br>Defendants. | CV 22–20–H–BMM<br><br><br><br>**ORDER** |

Plaintiff Shane McClanahan ("McClanahan") is an inmate at Montana State Prison ("MSP") who has been diagnosed with melanoma. The crux of his claim is that following his transfer back to MSP in December of 2018, Defendants have denied him treatment by a cancer specialist and have generally delayed and interfered with his treatment. (*See, e.g.*, Doc. 44 at 19–23, 30.) McClanahan has pled a plausible Eighth Amendment denial of treatment claim under 42 U.S.C. § 1983 against Warden Jim Salmonsen ("Warden Salmonsen"). The Court will deny the pending motion to dismiss (Doc. 52), as to Warden Salmonsen, but will grant the motion as to the other three Defendants. The additional outstanding motions will be addressed below.

1

I.   **MOTION TO DISMISS**

   **LEGAL STANDARD**

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Dismissal proves appropriate "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *L.A. Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 800 (9th Cir. 2017) (internal quotation marks omitted). At this stage, all factual allegations in the complaint are assumed to be true and the pleadings are construed in the light most favorable to the plaintiff. *Ariix, LLC v. NutriSearch Corp.*, 985 F.3d 1107, 1114 (9th Cir. 2021).

   **BACKGROUND**

i.   **Timeline of Events**

In 2016, McClanahan was transferred from MSP to Utah under the Western Interstate Corrections Compact. (Doc. 44 at 6.) Medical officials discovered a melanoma on McClanahan's back upon his initial intake at Utah in December of 2016. He received treatment in Salt Lake City at the Huntsman Cancer Institute.

This treatment apparently included surgical intervention to remove the cancerous tissue. (*See* Doc. 46-1 at 6.) While incarcerated in Utah, McClanahan filed a petition for extraordinary relief in Utah's Third Judicial District Court, Salt Lake County. *See McClanahan v. Utah State Prison*, Cause No. 180903127. It appears that McClanahan is referencing this lawsuit throughout several pages of his second amended complaint. (*See* Doc. 44 at 6–10, 12–13.)

    McClanahan was transferred back to MSP on December 21, 2018. He believes that this transfer was retaliatory in nature, at least partially, in response to the lawsuit he had filed in Utah. Following his transfer back to MSP, McClanahan's cancer treatment at the Huntsman Cancer Institute stopped. (Doc. 44 at 11.) McClanahan asserts that his cancer has spread without any care or intervention from MSP officials since December of 2018. (*Id.* at 16–17.) McClanahan alleges the Defendants have denied him treatment by a cancer specialist for his serious medical needs while at MSP. (*Id.* at 18.) He further claims that Defendants have interfered with the doctor's order to transport him for PET scans and have interfered with the quality of the PET scans by directing transportation officers not to remove his chain restraints during the scan. (*Id.*; *see also* Doc. 49 at 3–5.) McClanahan also seems to assert that his medical treatment records have been falsified, further evidencing neglect. (Doc. 44-1 at 8–9.)

    McClanahan states that in January of 2022 he met with Warden Salmonsen

and advised him of his claims. McClanahan alleges that Warden Salmonsen promised McClanahan a transfer to Donovan State Prison in California due to his special needs and hardships. (Doc. 44 at 13–14.) McClanahan asserts that Defendants have been denying him access to specialists and delaying his cancer treatment. McClanahan also acknowledges, however, that Dr. Rees has been performing regular physicals of him along with full image CT scans. (*See* Doc. 46-1 at 6, 8.)

### ii. This Litigation

McClanahan filed this action on February 11, 2022, alleging civil rights violations under 42 U.S.C. § 1983. McClanahan filed an amended complaint on March 3, 2022 (Doc. 4), and a supplement on March 18, 2022. (Doc. 11.)

Following some initial confusion regarding service, Warden Salmonsen filed a timely motion to dismiss. (Doc. 26.) Warden Salmonsen pointed out that McClanahan was not entitled to the form of preliminary injunctive relief sought, and argued that if the Court was not inclined to dismiss the matter, McClanahan should be required to file an amended complaint seeking appropriate relief. (Doc. 27.) The Court agreed with Warden Salmonsen's position regarding injunctive relief. (Doc. 40 at 3.) The Court instructed McClanahan to file a second amended complaint setting forth each claim upon which he intended to proceed and naming each defendant he intended sue. (*Id*. at 4.)

McClanahan filed his second amended complaint, accompanied by 27 pages of exhibits, on December 13, 2022. (Doc. 44; Doc. 44-1.) The Court directed service upon the Defendants. (Doc. 45.) Defendants responded by filing a motion to dismiss for failure to state a claim on March 6, 2023. (Doc. 52.) Before Defendant's filing, McClanahan filed a motion to show cause as to why he should not receive a preliminary injunction and restraining order. (Doc 48.) McClanahan also has filed two motions for default judgment (Doc. 55; Doc. 56), a motion to compel (Doc. 59), and a motion for injunction (Doc. 60).

## ANALYSIS

"[T]o maintain an Eighth Amendment claim based upon prison medical treatment, an incarcerated person must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). Accordingly, the test for deliberate indifference has two parts. *Id.* "First, the plaintiff must show a 'serious medical need' by demonstrating that failure to treat the prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of plain." *Id.* (internal quotation marks omitted). "Second, the plaintiff must show the defendant's response to the need was deliberately indifferent." *Id.*

The Court presumes for purposes of this Order that cancer constitutes the type of "serious medical need" that would trigger Eighth Amendment scrutiny in the

corrections context. The Court will focus its analysis on the question of deliberate indifference. Indifference may manifest "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Jett*, 439 F.3d at 1096 (internal quotation marks omitted). When an incarcerated person alleges a delay in receiving medical treatment, the delay must have led to further harm. *See McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992). In this regard, "[a] prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." *Jett*, 439 F.3d at 1096.

Defendants argue that McClanahan entirely fails to state a claim against Defendants Reich, Cobban, and Godfrey, and that he fails to state a claim for supervisory liability against Warden Salmonsen. (Doc. 53 at 3-5.) The Court agrees with the Defendants' position as it relates to Reich, Coban, and Godfrey, but finds, at this initial pleading stage, however, that Defendants' argument relative to Warden Salmonsen lacks merit.

i. **Defendants Reich, Cobban, and Godfrey**

A defendant is liable under 42 U.S.C. § 1983 "only upon a showing of personal participation by the defendant." *Taylor v. List*, 880 F. 2d 1040, 1045 (9th. Cir. 1989). McClanahan attempts to bring his Eighth Amendment claim against

Defendants Reich, Cobban, and Godfrey, but aside from the "Defendants" section of his amended complaint (Doc. 44 at 2-3), he does not include any allegations specific to any of these defendants. McClanahan argues instead that these three individuals are some of the "bad actors" at MSP, under Warden Salmonsen's control, and that his reference to such bad actors in his second amended complaint proves sufficient to defeat the motion to dismiss. (*See* Doc. 56 at 2–3.) The Court disagrees.

McClanahan has not described what each of these individuals did or failed to do, in connection with his medical treatment, and how the corresponding action or inaction contributed to causing a violation of his rights. *See, e.g.*, *Lacey v. Maricopa Cnty.*, 693 F. 3d 890, 915–16 (9th Cir. 2012) (en banc). The second amended complaint fails to support an inference that any of these three defendants were personally involved in any failure to provide McClanahan medical treatment for cancer, and, accordingly, fails to state a colorable claim against these defendants.

**ii.   Warden Salmonsen**

The Court acknowledges that some uncertainty regarding the status of McClanahan's present cancer diagnosis and prognosis still remains. For example, while McClanahan presents grave claims about the severity of his disease, in other pleadings he has suggested that his cancer is in remission. (*See, e.g.*, Doc. 36-1 at 4.) In his second amended complaint and supporting documents, McClanahan demonstrates that he has been provided at least some level of ongoing care and

7

monitoring at MSP.

Defendants argue that McClanahan's claim is insufficient because he has failed to establish a causal connection between Warden Salmonsen's conduct and the violation inflicted by a subordinate. (Doc. 53 at 4–5) (citing *Larez v. City of Los Angeles*, 946 F. 2d 630, 645–46 (9th Cir. 1991)). Defendants further argue that McClanahan fails to prove that Warden Salmonsen acted with an intent to deprive him of his rights. (*Id*. at 5) (additional citation omitted).

"Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Consistently, "[s]upervisory liability is imposed against a supervisory official in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates, for his acquiescence in the constitutional deprivations of which the complaint is made, or for conduct that showed a reckless or callous indifference to the rights of others." *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). "The requisite causal connection may be established when an official sets in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict constitutional harms." *Id.* (internal quotation marks omitted).

Based on the foregoing, a § 1983 claim against a supervisor can proceed so

long as the supervisor took actions that were causally connected to the alleged harm. Additionally, because this is the pleading stage, not the summary judgment stage, McClanahan need only plead supervisory liability, not prove it.

Warden Salmonsen was not directly involved in providing medical care to McClanahan. McClanahan alleges, however, that Warden Salmonsen caused his injury by failing to train and supervise the "bad actors" on his staff, failing to intervene once he was made aware of McClanahan's claims, and essentially turning a blind eye to ongoing issues with McClanahan obtaining medical treatment.

Defendants argue that McClanahan's general allegations fail to establish a basis for deliberate indifference. In the second amended complaint McClanahan alleges that Salmonsen visited with him and that McClanahan advised him of his ongoing issues. In response Salmonsen apparently advised McClanahan that some action would be taken on his behalf, which McClanahan took to mean might include a transfer to another detention facility. (Doc. 44 at 13–14, 16.) The extent and basis of this knowledge may be disputed. Taking these allegations as true, as the Court must, McClanahan has provided a plausible factual basis upon which supervisory liability could be established for his Eighth Amendment delay of treatment claim. *See Corales*, 567 F.3d at 570.

### iii.  Conclusion

Based on the foregoing, McClanahan adequately has pled an Eighth

Amendment for a delay/denial in medical treatment claim against Warden Salmonsen, but not against the other three defendants. Defendants' motion to dismiss will be granted, in part, and denied as it pertains to Warden Salmonsen. Additionally, Warden Salmonsen will be required to respond only to the Eighth Amendment denial of medical care claim. McClanahan's second amended complaint fails to state any additional cognizable constitutional violations.

## II. Motion for Application of Default/Motion for Default Judgment

McClanahan has filed two motions seeking judgment in his favor based upon Defendants' purported failure to timely respond to his second amended complaint. (Doc. 55; Doc. 56.) McClanahan's motions lack merit.

Defendants filed their motion to dismiss on March 6, 2023. (Doc. 52.) A motion to dismiss represents an appropriate response to a complaint. *See* Fed. R. Civ. P. 12(b). Moreover, McClanahan's motions have been filed in violation of the Court's service order, which instructed him to wait 70 days until filing a motion for default. (*See* Doc. 45 at 2.) McClanahan's motions for application of default and default judgment are denied.

## III. Motion to Compel

McClanahan next seeks an order from this Court directing MSP infirmary to provide, "medical records, files, and electronic medical records, stored information." (Doc. 59 at 1.) It appears that McClanahan seeks a copy of all his medical files from

2015 to the present date, which he asserts MSP medical has been refusing to provide. (*Id*.) Defendants object, generally asserting that the time is not yet ripe for discovery to begin, and that McClanahan failed to confer with defense counsel prior to filing his motion. (Doc. 61 at 1–2.) Defendants state that because a scheduling order has not yet issued, McClanahan is not entitled to initiate discovery. (*Id*. at 2.)

Defendants' position is well-taken. At this juncture, McClanahan's motion is not only procedurally deficient, but it also is premature. The motion to compel will be denied.

### IV.   Motion to Show Cause

McClanahan seeks an order from the Court directing Defendants to show cause as to why a preliminary injunction and restraining order should not be entered transferring him from MSP to Richard J. Donovan Correctional Facility in San Diego, California, as a "special needs inmate with [a] hardship." (Doc. 48 at 2–3.) McClanahan indicates he fears for his life at MSP, presumably based upon the denial of medical care. (*See* Doc. 49 at 3–5) (describing recent negative experience with PET scan). McClanahan names the Director of MSP and the Montana Department of Corrections ("MDOC"), Brian Gootkin ("Gootkin"), because he possesses the authority to implement such a transfer under Fed. Rule Civ. P. 65(a). (Doc. 48 at 1–2.)

The Court first notes Brian Gootkin and/or the MDOC is not named as a

defendant in McClanahan's second amended complaint. Federal courts may issue injunctions only when they have personal jurisdiction over the parties; they may not determine the rights of persons not before the court. "A federal court may only issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court. Under Fed. R. Civ. P. 65(d), an injunction binds only "the parties to the action, their officers, agents, servants, employees, and attorneys, and . . . those persons in active concert or participation with them who receive actual notice of the order." *Zepeda v. U.S. I.N.S.*, 753 F. 2d 719, 727 (9th Cir. 1983). "[T]he district court must, therefore, tailor the injunction to affect only those persons over which it has power." *Id.*

This Court does not have jurisdiction in this action over the person, Gootkin, or entity, the MDOC, with the ability to effectuate McClanahan's transfer from MSP to another facility. McClanahan's action against certain prison officials does not grant the Court jurisdiction over the MDOC as an entity, or to other department officials generally.

Even if this Court possessed the requisite jurisdiction over the parties to be enjoined and subject matter at issue in the motion, the motion still would be denied. Courts consistently find that routine housing decisions do not trigger federal constitutional protections. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983) ("Just

as an inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State, he has no justifiable expectation that he will be incarcerated in any particular State."); *Rizzo v. Dawson*, 778 F. 2d 527, 530 (9th Cir. 1985) ("An inmate's liberty interests are sufficiently extinguished by his conviction so that the state may change his place of confinement even though the degree of confinement may be different and prison life may be more disagreeable in one institution than another."). The requested relief would still be denied based upon the facts of this case even had the second amended complaint named Gootkin as a defendant. It is not the role of this Court to intervene in standard state prison housing decisions. The motion to show cause will be denied.

### V.     Motion for Preliminary Injunction

McClanahan alleges that he has been stripped of all his legal resources—including pens and a typewriter—by Defendants in an effort to block his access to the courts. (*See* Doc. 60.) He believes the are retaliating against him for the present lawsuit. This alleged retaliation apparently included taking legal works out of his possession and strip searching him without cause. (*Id*. at 1–2.) He asserts that Warden Salmonsen showed up on camera to "mock and gloat" at him. (*Id*. at 2.) McClanahan asks the Court to order that all of his legal resources be returned and privileges be restored. (*Id*. at 1.) He also he references his "previous complaints and requests for relief." (*Id*. at 3.) The Court presumes that McClanahan is referring to

13

his request for a transfer outlined above. Defendants oppose McClanahan's motion and generally argue that he has failed to meet the relevant legal standards. (*See* Doc. 62.)

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter* v. *Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (internal citations omitted). It serves not as a preliminary adjudication on the merits, but as a tool to preserve the status quo and prevent irreparable loss of rights before judgment. *Textile Unlimited, Inc.* v. *A. BMH & Co., Inc.*, 240 F.3d 781, 786 (9th Cir. 2001). In reviewing a motion for preliminary injunction, "courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter*, 555 U.S. at 24 (internal citations and quotation marks omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20 (citations omitted).

*Winter* does not expressly prohibit use of a "sliding scale approach to preliminary injunctions" whereby "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Alliance of the Wild Rockies* v. *Cottrell,* 632 F.3d 1127, 1131 (9th Cir.

2011). The Ninth Circuit recognizes one such "approach under which a preliminary injunction could issue where the likelihood of success is such that serious questions going to the merits were raised and the balance of hardships tips sharply in plaintiff's favor." *Id.* (internal citations and quotation marks omitted).

A preliminary injunction "should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Lopez* v. *Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (internal citations omitted, emphasis in original). A request for a mandatory injunction seeking relief well beyond the status quo is disfavored and shall not be granted unless the facts and law clearly favor the moving party. *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1319–20 (9th Cir. 1994).

A preliminary injunction serves to preserve the status quo pending a determination on the merits. *Chalk v. U.S. Dist. Court*, 840 F.2d 701, 704 (9th Cir. 1988). As such, heightened scrutiny applies where the movant seeks to alter rather than maintain the status quo. *Dahl v. HEM Pharm. Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993) (holding that mandatory, as opposed to prohibitory, injunctions are "subject to a heightened scrutiny and should not be issued unless the facts and law clearly favor the moving party").

The Prison Litigation Reform Act ("PLRA") mandates that prisoner litigants must satisfy additional requirements when seeking preliminary injunctive relief against prison officials:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2).

Based upon the record, extraordinary relief is not warranted. McClanahan's request does not relate to the merits of his deliberate indifference medical claim, but rather is a request for the Court to enter into the day-to-day operations of the Montana State Prison. Such relief does not comply with the applicable provisions of the PLRA. This Court is not inclined to interfere with prison operations and/or potential disciplinary actions. Such interference would not have the effect of preserving the status quo, but rather would upset it, and the request fails to survive heightened scrutiny. Additionally, McClanahan may not use these proceedings to inject a new retaliation claim.

Moreover, as set forth above, three of the Defendants are being dismissed from this matter. While Warden Salmonsen will be required to provide an answer to the second amended complaint, McClanahan has not demonstrated a clear showing that he is likely to succeed on the merits. *See Winter*, 555 U.S. at 20. The Court understands that McClanahan believes he is suffering harm as a result of ongoing actions against him. Such action is not directly connected to this case. He has failed

to demonstrate irreparable harm in the instant proceedings. *Id*. McClanahan successfully has filed documents in this matter, apparently without the assistance of a typewriter or other legal aids, and adequately has articulated his arguments. Finally, nothing indicates that the equities tip in McClanahan's favor or that an injunction is in the public interest. *Id*. The motion for a preliminary injunction will be denied.

## VI.   Appointment of Special Counsel

McClanahan again requests counsel to assist him with this litigation, particularly with the discovery phase. (Doc. 56 at 14.) The request will be denied on the same basis as previously set forth in prior orders of the Court. (*See, e.g.*, Doc. 47 at 1–3.) McClanahan is advised that his case was added to the District of Montana's pro bono website page as a case in which a request for the appointment of counsel has been made. Should an attorney contact the Court indicating their interest in representing McClanahan, the Court will make the appointment.

## ORDER

Based on the foregoing, **IT IS ORDERED:**

1. Defendants' motion to dismiss (Doc. 52) is **GRANTED,** in part, and **DENIED,** in part. Defendants Reich, Cobban, and Godfrey are **DISMISSED** from the action. Defendant Warden Salmonsen must answer the medical care claim in McClanahan's second amended complaint within **twenty-one (21)** days of the date

of this Order.

    2. McClanahan's Motion to Show Cause (Doc. 48) is **DENIED**.

    3. McClanahan's Motion for Application for Default and Motion for Default Judgment (Docs. 54 & 55) are **DENIED**.

    4. McClanahan's Motion to Compel (Doc. 59) is **DENIED**.

    5. McClanahan's Motion for Injunction (Doc. 60) is **DENIED**.

    6. McClanahan's Request for Special Counsel (Doc. 56) is **DENIED**.

DATED this 7th day of July, 2023.

*/s/ Brian Morris*

Brian Morris, Chief District Judge
United States District Court